ORIGINAL

AC 440  (Rev. 8/01) Summons in a Civil Action

JUDGE SAND

# UNITED STATES DISTRICT COURT

|  Southern | District of | New York |
|---|---|---|

ROLAND GUTIERREZ, FRANKIE ROSADO,
RENE  CANELA and DAVID FLORES,

                    Plaintiffs,

      V.

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT and RAYMOND KELLY, COMMISSIONER,
DEPUTY CHIEF STEPHEN R. KENNEDY, LT. KEVIN
MORONEY and DEPUTY INSPECTOR RAYMOND ROONEY,

                    Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

08 CV 6537

TO: (Name and address of Defendant)

      (SEE ATTACHED LIST)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

      CRONIN & BYCZEK, LLP
      1983 Marcus Avenue, Suite C-120
      Lake Success, New York   11042
      (516) 358-1700

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

DATE   JUL 23 2008

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL   $0.00 |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
              Date                          *Signature of Server*

                                      _____
                                        *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

City of New York
c/o New York City Law Department
100 Church Street
New York, New York 10007

New York City Police Department
One Police Plaza
New York, New York 10038

Commissioner Raymond Kelly
New York City Police Department
One Police Plaza
New York, New York 10038

Deputy Chief Stephen R. Kennedy
New York City Police Department
Detective Borough Bronx
1086 Simpson Street
Bronx, New York

Lt. Kevin Moroney
New York City Police Department
43rd Precinct
900 Fteley Avenue
Bronx, New York 10472

Deputy Inspector Raymond Rooney
New York City Police Department
Detctive Borough Bronx
1086 Simpson Street
Bronx, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ROLAND GUTIERREZ, FRANKIE ROSADO,
RENE CANELA AND DAVID FLORES,

                          Plaintiffs,

     -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT and RAYMOND
KELLY, COMMISSIONER, DEPUTY CHIEF STEPHEN
R. KENNEDY, LT. KEVIN MORONEY, and DEPUTY
INSPECTOR RAYMOND ROONEY,

                          Defendants.
------------------------------------------X

VERIFIED COMPLAINT
AND JURY DEMAND

US CIV 6537

          The Plaintiffs, ROLAND GUTIERREZ, FRANKIE ROSADO,

RENE CANELA AND DAVID FLORES, by their attorneys, CRONIN & BYCZEK,

LLP, as and for their Complaint against the Defendants, respectfully

set forth:

## NATURE OF ACTION

          1.   This is an action for declaratory relief and damages

to secure protection of and to redress deprivation of rights secured

by the United States Constitution, New York State Executive Law §296,

the New York City Human Rights Law, the New York City Administrative

Code §8-107 and Title VII of the Civil Rights Act of 1964, as amended,

providing for relief against discrimination in employment and to

correct unlawful employment practices on the basis of the Plaintiff's

race, national origin, and in retaliation for prior opposition to

discrimination.   This action also seeks relief for violations of the

Civil Rights Acts 42 USC §§1981 and 1983.

1

2.    Additionally, this claim seeks money damages,   both accrued and prospective, on behalf of the Plaintiffs.

## JURISDICTION

3.    The jurisdiction of this Court is invoked based upon federal questions.  Further, the jurisdiction of this Court is invoked pursuant to the New York State Constitution, the Constitution of the United States, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. 1331 as well as 42 U.S.C. §2000e through 2000e(15) and the New York State Executive Law §296, and the New York City Human Rights Law.

4.    The rights, privileges, and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, provisions against race discrimination based on 42 U.S.C. §§ 1981 and 1983, provisions against racial discrimination in employment based on Title VII of the Civil Rights Act of 1964, as amended, and guidelines and rules promulgated thereunder, along with the applicable provisions of the New York State Constitution and the New York City Human Rights Law.

5.    Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to state claims set forth herein.

## PRE-REQUISITES TO CLAIMS UNDER TITLE VII

6.    On or about September 18, 2007, Plaintiff, ROLAND GUTIERREZ, filed a Verified Complaint with the United States Equal

Employment Opportunity Commission ("EEOC") which organization receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Laws, Title VII of the Civil Rights Act, as amended.

7.   Said Complaint charged employment discrimination against Plaintiff, ROLAND GUTIERREZ, by the Defendant, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), because of Plaintiff's race and national origin and retaliation. A copy of said Complaint is annexed hereto as Exhibit "A".

8.   On or about April 24, 2008, Plaintiff, ROLAND GUTIERREZ, received a "Right to Sue" letter advising him of the completion of prerequisites to suit in federal court. A copy of the "Right to Sue" letter issued to Plaintiff, GUTIERREZ, is annexed hereto as Exhibit "B".

9.   On or about August 8, 2007, Plaintiff, FRANKIE ROSADO, filed a Verified Complaint with the United States Equal Employment Opportunity Commission ("EEOC") which organization receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Laws, Title VII of the Civil Rights Act, as amended.

10.  Said Complaint charged employment discrimination against Plaintiff, FRANKIE ROSADO, by the Defendant, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), because of Plaintiff's race and national origin and retaliation. A copy of said Complaint is annexed hereto as Exhibit "C".

11.  On or about April 24, 2008, Plaintiff, FRANKIE ROSADO,

received a "Right to Sue" letter advising him of the completion of prerequisites to suit in federal court. A copy of the "Right to Sue" letter issued to Plaintiff, ROSADO, is annexed hereto as Exhibit "D".

12. On or about September 18, 2007, Plaintiff, RENE CANELA filed a Verified Complaint with the United States Equal Employment Opportunity Commission ("EEOC") which organization received and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Law, Title VII of the Civil Rights Act, as amended.

13. Said Complaint charged employment discrimination against Plaintiff, RENE CANELA, by the Defendant, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") because of Plaintiff's race and national origin and retaliation. A copy of said complaint is annexed hereto as Exhibit "E".

14. On or about April 24, 2008, Plaintiff RENE CANELA received a "Right to Sue" letter advising him of the completion of prerequisites to suit in federal court. A copy of the "Right to Sue" letter issued to Plaintiff, CANELA is annexed hereto as Exhibit "F".

15. On or about December 27, 2007, Plaintiff, DAVID FLORES filed a Verified Complaint with the United States Equal Employment Opportunity Commission ("EEOC") which organization received and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Law, Title VII of the Civil Rights Act, as amended.

16. Said Complaint charged employment discrimination against Plaintiff, DAVID FLORES, by the Defendant, THE NEW YORK CITY

POLICE DEPARTMENT ("NYPD") because of Plaintiff's race and national origin and retaliation. A copy of said complaint is annexed hereto as Exhibit "G".

17. Plaintiff DAVID FLORES still awaits his "Right to Sue" letter advising him of the completion of prerequisites to suit in federal court.

## VENUE

18. Venue exists in the Southern District of this Court, County of New York, State of New York, based upon Defendants' residence.

19. Further, the causes of action accrued within New York State (specifically, within the City of New York) based upon the situs of all acts charged and based upon violations of United States Constitution, Title VII of the Civil Rights Act of 1964, New York State Constitution and the New York State Executive Law, and the New York City Human Rights Law.

## PARTIES

20. Plaintiff, ROLAND GUTIERREZ, is a resident of the State of New York and resides within the confines of the "Southern District" of New York, and is a citizen of the United States.

21. Plaintiff, GUTIERREZ is a male Hispanic-American of Puerto Rican descent who registered opposition to discriminatory practices by the Defendant, New York City Police Department, and thus is a member of a protected class.

22. Plaintiff, FRANKIE ROSADO, is a resident of the State of New York and resides within the confines of the "Southern District" of New York, and is a citizen of the United States.                23.

Plaintiff, ROSADO is a male Hispanic-American of Puerto Rican descent who registered opposition to discriminatory practices by the Defendant, New York City Police Department, and thus is a member of a protected class.

24. Plaintiff, RENE CANELA, is a resident of the State of New York and resides within the confines of the "Southern District" of New York, and is a citizen of the United States.                25.

Plaintiff, CANELA is a male Hispanic-American of Dominican descent who registered opposition to discriminatory practices by the Defendant, New York City Police Department, and thus is a member of a protected class.

26. Plaintiff, DAVID FLORES, is a resident of the State of New York and resides within the confines of the "Southern District" of New York, and is a citizen of the United States.

27.   Plaintiff, FLORES is a male Hispanic-American of Puerto Rican descent who registered opposition to discriminatory practices by the Defendant, New York City Police Department, and thus is a member of a protected class.

28.   Defendant, CITY OF NEW YORK ("NYC"), is a municipal corporation duly organized under the laws of the City and State of New York, having its place of business within the City of New York, and including as its function operating, managing and financing the NEW YORK CITY POLICE DEPARTMENT.

29.   Upon information and belief, Defendant, NEW YORK CITY POLICE DEPARTMENT ("NYPD"), operates under the direct authority of NYC and is the official New York City agency charged with law enforcement and investigative duties through New York City, maintains control offices at 1 Police Plaza, New York, New York, along with satellite offices and precincts throughout the City and County of New York within the Southern District of New York.

30.   Defendant, RAYMOND KELLY, ("KELLY") at all times relevant to this Complaint was the Commissioner of the NYPD, the Chief Executive of the NYPD, and Plaintiffs' superior officer; Defendant, KELLY, is sued herein in his individual and official capacities.

31.   Defendant, KELLY, as the Police Commissioner of NYPD, was the principal administrator of NYPD, employed by the NYPD.

32.   In his capacity as Police Commissioner of the NYPD, KELLY was responsible for the overall policies of the NYPD, including the institution and application of departmental rules, with respect to the administration of detective promotions and investigative track

assignments during all times relevant to this complaint.

33. Defendant, KELLY, at all times relevant herein, was responsible for the conduct of all police personnel operating under his command, including all of the Defendants, and is responsible for assuring that all officers comport themselves consistently with the Constitution of the United States and all state, federal and local laws.

34. Defendant CHIEF KENNEDY ("KENNEDY") was a New York City Police Officer and Chief, at all times relevant employed by the New York City Police Department, and a supervisor whose direct supervision includes Detective Bureau, Bronx County, the 52nd Precinct detective squad of NYPD. Additionally, CHIEF KENNEDY was assigned to the New York City Police Department Equal Employment Opportunity Office (hereinafter referred to as "EEO") shortly before the events herein. At all times relevant, KENNEDY was the Plaintiffs' superior officer and is sued in his individual and official capacities.

35. Upon information and belief, Defendant CHIEF KENNEDY was and is a resident of the State of New York and during the incidents alleged herein, and at all times relevant acted under color of law, within the scope of his official duties as a police officer and pursuant to statutes, ordinances and laws of NYC, New York State and the United States.

36. Defendant, LIEUTENANT KEVIN MORONEY ("MORONEY") was a New York City Police Officer and Lieutenant, at all times relevant employed by the New York City Police Department, and a supervisor within the 52nd Precinct detective squad of NYPD. At all times

relevant, MORONEY was the Plaintiffs' superior officer and is sued in his individual and official capacities.

37.   Upon information and belief, Defendant LT. MORONEY was and is a resident of the State of New York and during the incidents alleged herein, and at all times relevant acted under color of law, within the scope of his official duties as a police officer and pursuant to statutes, ordinances and laws of NYC, New York State and the United States.

38.   Defendant, Deputy Inspector ROONEY ("ROONEY"), was a New York City Police Officer and Deputy Inspector, at all times relevant employed by the New York City Police Department, and a supervisor of the 52nd Precinct detective squad of NYPD. At all times relevant, ROONEY was the Plaintiffs' superior officer and is sued in his individual and official capacities.


## I.   FACTS UNDERLYING PLAINTIFFS' CAUSES OF ACTION


### I.A. Plaintiff GUTIERREZ

39.   Plaintiff GUTIERREZ was appointed as a police officer by NYPD on January 13, 1992.

40.   In 1999, Plaintiff GUTIERREZ was promoted to Detective, and ultimately assigned to the 52nd Precinct, his current position.

41.   From 1992 until the present, and as a Detective 3rd Grade, Plaintiff GUTIERREZ received excellent evaluations and had no disciplinary problems with the NYPD.

42.   Plaintiff, throughout the years of his employ with NYPD, received consistent evaluations whereby he always met or exceeded performance criteria.

43.   Plaintiff was well regarded by his supervisors and was always a dutiful and loyal employee of NYPD.

44.   Despite Plaintiff's above-standards evaluations and seniority over others, Plaintiff was repeatedly passed over for promotion to Detective 2nd Grade and 1st Grade.

45.   On or about early 2007, GUTIERREZ complained to his supervisors that the "grade process" was unfair and discriminated against Latinos.  On or about that time GUTIERREZ registered a formal complaint with the internal NYPD OEEO office.

46.   On September 11, 2007, GUTIERREZ communicated to Sgt. Dreyer of NYPD-OEEO that he would be bringing an outside attorney to his upcoming OEEO interview.  Within twenty-four (24) hours GUTIERREZ was notified that he would receive formal disciplinary charges and specifications for a patrol  guide violation which is typically the subject of a logging of "minor violation" or "command discipline."

47.   GUTIERREZ has been discriminated against in that he was placed on "modified assignment" and assigned to Bronx Central Booking when similarly situated white officers with no history of OEEO activity have not been so assigned.

48.   GUTIERREZ has been unable to perform detective functions and has been unable to obtain any overtime opportunity due to the discriminatory assignment to Central Booking and his "modified" status.

## I.B. Plaintiff ROSADO

49.   Plaintiff ROSADO was appointed as a police officer by NYPD on January 20, 1987.

50.   In 1992 Plaintiff ROSADO was promoted to Detective 3rd Grade, the position he held until twelve years later, when he was promoted to Detective 2nd Grade in October 2006.

51.   From 1992 until the present, as Detective 3rd Grade and 2nd Grade, ROSADO received excellent evaluations and had no disciplinary problems with the NYPD.

52.   Plaintiff, throughout the years of his employ with NYPD, received consistent evaluations whereby he always met or exceeded performance criteria.

53.   Plaintiff was well regarded by his supervisors and was always a dutiful and loyal employee of NYPD.

54.   Despite Plaintiff's above-standards evaluations and seniority over others, Plaintiff was repeatedly passed over for promotion to Detective 2nd Grade for twelve years, while his white counterparts were promoted to 2nd Grade with less seniority.  ROSADO has over twenty years seniority in the NYPD and with his military status, has twenty-four years vested and continues to be passed over for promotion to Detective 1st Grade.  Plaintiff ROSADO "caught" more cases, closed more cases, had the highest evaluations and the most seniority over white officers, yet did not get put in for Detective 1st Grade.

I.C. **Plaintiff CANELA**

55. Plaintiff CANELA was appointed as a police officer by NYPD on February 28, 1994.

56. On August 29, 1999, Plaintiff CANELA was promoted to Detective 3rd Grade, and ultimately assigned to the Detective Bureau Borough Bronx. He is currently assigned to the 52nd detective squad.

57. From 1999 until the present, as Detective 3rd Grade, Plaintiff CANELA received excellent evaluations and had no disciplinary problems with the NYPD.

58. Plaintiff, throughout the years of his employ with NYPD, received consistent evaluations whereby he always met or exceeded performance criteria.

59. Plaintiff was well regarded by his supervisors and was always a dutiful and loyal employee of NYPD.

60. Despite Plaintiff's above-standards evaluations and seniority over others, Plaintiff was repeatedly passed over for promotion to Detective 2nd and 1st Grade.

I.D. **Plaintiff FLORES**

61. Plaintiff FLORES was appointed as a police officer by NYPD on April 25, 1990.

62. In December 1995, Plaintiff FLORES was promoted to Detective 3rd Grade, and ultimately assigned to the 52nd Precinct Detective Squad.

63. From 1995 until the present, as Detective 3rd Grade, Plaintiff FLORES received excellent evaluations and had no

disciplinary problems with the NYPD.

64.   Plaintiff, throughout the years of his employ with NYPD, received consistent evaluations whereby he always met or exceeded performance criteria.

65.   Plaintiff was well regarded by his supervisors and was always a dutiful and loyal employee of NYPD.

66.   Despite Plaintiff's above-standards evaluations and seniority over others, Plaintiff was repeatedly passed over for promotion to Detective 2nd and 1st Grade.


## II. Discriminatory Practices by NYPD With Respect to Detective Promotions and Other Adverse Employment Actions

### II.A. Against GUTIERREZ

67.   Plaintiff asserts that the respondent engages in a pattern and practice of discrimination against Hispanics, in that Hispanics are not proportionately promoted above the position of Detective Third Grade.

68.   Similarly-situated white police officers with less seniority have received promotions to Detective 2nd and 1st Grade before Hispanics in particular, with the same or better qualifications.  Said policy disparately impacts on Hispanics.

69.   Upon information and belief, the only reason GUTIERREZ did not receive the promotion was due to his race and national origin, and as retaliation for filing an OEEO complaint.

70.   Further, as part of its pattern of discriminatory treatment of Hispanics, and specifically Plaintiff GUTIERREZ, LT.

MORONEY frequently denied Plaintiff GUTIERREZ's request for investigative overtime while white officers with far less seniority get dozens of hours of overtime.

71. For example, Plaintiff, GUTIERREZ, was required by LT. MORONEY to "catch cases" for months, despite his being the senior Detective, whereas less senior white Detectives were not required to "catch cases". As a result, Detective GUTIERREZ had numerous "open cases" and was told that his evaluation was low for the first time in his career, and that as such he would not be put in for promotion to 2nd Grade.

## II.B. <u>Against ROSADO</u>

72. Plaintiff asserts that the respondent engages in a pattern and practice of discrimination against Hispanics, in that Hispanics are disproportionately promoted above the position of Detective Third Grade.

73. Similarly-situated white police officers with less seniority have received promotions to Detective 2nd and 1st Grade before Hispanics with the same or better qualifications. Said policy disparately impacts on Hispanics.

74. Finally, after fourteen years defendant ROSADO was promoted to Detective 2nd Grade.

75. Upon information and belief, the only reason ROSADO did not receive the promotion to Detective 2nd Grade for fourteen years was due to his race and national origin.

76. Further, as part of its pattern of discriminatory

treatment of Hispanics, and specifically Plaintiff ROSADO, Defendants NYC and NYPD, by and through the individually named defendants:

a.  denied Plaintiff, ROSADO's request for investigative overtime while white officers with far less seniority get dozens of hours of overtime; and

b.  assigned Plaintiff ROSADO to attend sex crime training despite the fact that Plaintiff ROSADO was a senior officer who had spent many hours in training including training others, while white officers were not required to attend; and

c.  reassigned ROSADO's arrests so as to limit ability to close cases and incur "investigative and arrest" overtime; and

d.  LT. MORONEY refused to grant Plaintiff ROSADO time off while giving the white detectives time off.

## II.C. Against CANELA

77.  Plaintiff asserts that the respondent engages in a pattern and practice of discrimination against Hispanics, in that Hispanics are disproportionately promoted above the position of Detective Third Grade.

78.  Similarly-situated white police officers with less seniority have received promotions to Detective 2nd and 1st Grade before Hispanics with the same or better qualifications. Said policy disparately impacts on Hispanics.

79.  Further, as part of its pattern of discriminatory treatment of Hispanics, and specifically Plaintiff CANELA, Defendants NYC and NYPD, by and through the individually named defendants:

a.   denied Plaintiff, CANELA's request for investigative overtime while white officers with far less seniority get dozens of hours of overtime; and

b.   assigned Plaintiff CANELA to attend sex crime training despite the fact that plaintiff CANELA was a senior officer who had spent many hours in training including training others, while white officers were not required to attend; and

c.   reassigned CANELA's arrests so as to limit ability to close cases and incur arrest overtime; and

d.   Further, as part of its pattern of discriminatory treatment of Hispanics, and specifically Plaintiff, CANELA, LT. MORONEY frequently gave undesirable and less favorable work assignments to Plaintiff, CANELA, despite his seniority and better qualifications; and

e.   For example, Plaintiff CANELA was required by LT. MORONEY to "catch cases" for months, despite his being the senior Detective, whereas less senior white Detectives were not required to "catch cases". As a result, Detective CANELA had numerous "open cases" and was told that his evaluation was low for the first time in his career, and that as such he would not be put in for promotion to 2nd Grade; and

f.   LT. MORONEY refused to grant Plaintiff CANELA time off while giving the white detectives time off.


## II.D. Against FLORES

80.   Plaintiff asserts that the respondent engages in a

pattern and practice of discrimination against Hispanics, in that Hispanics are disproportionately promoted above the position of Detective Third Grade.

81. Similarly-situated white police officers with less seniority have received promotions to Detective 2nd and 1st Grade before Hispanics with the same or better qualifications. Said policy disparately impacts on Hispanics.

82. Further, as part of its pattern of discriminatory treatment of Hispanics, and specifically Plaintiff FLORES, Defendants NYC and NYPD, by and through the individually named defendants:

a. denied Plaintiff FLORES' request for investigative overtime while white officers with far less seniority get dozens of hours of overtime; and

b. assigned Plaintiff FLORES to attend sex crime training despite the fact that Plaintiff FLORES was a senior officer who had spent many hours in training including training others, while white officers were not required to attend; and

c. reassigned FLORES' arrests so as to limit ability to close cases and incur arrest overtime; and

d. further, as part of its pattern of discriminatory treatment of Hispanics, and specifically Plaintiff, FLORES, LT. MORONEY frequently gave undesirable and less favorable work assignments to Plaintiff FLORES, despite his seniority and better qualifications; and

e. for example, Plaintiff FLORES, was required by LT. MORONEY to "catch cases" for months, despite his being the senior Detective,

whereas less senior white Detectives were not required to "catch cases". As a result, Detective FLORES had numerous "open cases" and was told that his evaluation was low for the first time in his career, and that as such he would not be put in for promotion to 2nd Grade; and

f.   LT. MORONEY refused to grant Plaintiff FLORES time off while giving the white detectives time off.

g.   LT. MORONEY permits white detectives who live upstate to "sleep over" after their 4:00 to 1:00 tour on their turnaround and are permitted to stay on overtime while Plaintiff FLORES, who also lives upstate, is not permitted this privilege; and

h.   Plaintiff was denied a transfer request to an elite intelligence unit when shortly thereafter two white officers were given that transfer.

## HOSTILE WORK ENVIRONMENT
## AS AGAINST ALL PLAINTIFFS

83.  Immediately upon assignment to the 52nd Precinct Detective Squad, LT. MORONEY began a course of conduct discriminating against Hispanics.

84.  LT. MORONEY deliberately deflated Plaintiffs' evaluations so as to justify promoting two white officers with less seniority and less ability.

85.   LT. MORONEY displayed a large sign in full view behind his desk stating "HELP WANTED - IRISH NEED NOT APPLY" in clear violation of the NYPD Equal Employment Opportunity policy statement which mandates an "atmosphere of appreciation of the diversity reflected in" the staff.

86.   LT. MORONEY immediately transferred five minority members of the service out of his command and transferred in white officers who like he were members of the Emerald Society Pipe Band.

87.   Mysteriously, an Irish "shamrock" was placed on Plaintiff CANELA's computer.

88.   LT. MORONEY has made the following statements:  "I am bringing all my people in" - "I am dividing, conquering and winning."

89.   LT. MORONEY has systematically eliminated overtime for Plaintiffs and continued to permit white detectives to accumulate overtime.

90.   Following the filing of the OEEO complaints by all four Plaintiffs, LT. MORONEY has made the following statements to others in violation of the OEEO policy of confidentiality:  "I know they are going to sue me they made OEEO complaints and got the same lawyer".

91.   Plaintiffs have been told by numerous staff members that LT. MORONEY, Deputy Inspector ROONEY and CHIEF KENNEDY have indicated their extreme dislike for Plaintiffs, their intention to "get" Plaintiffs and generally indicated that Plaintiffs should "watch their backs".

92.  Plaintiff ROSADO was told by superior officers that "D.I. ROONEY and LT. MORONEY are looking to hurt you".

93.  LT. MORONEY has required Hispanic officers to shave "goatees" while allowing white officers to wear same.

94.  LT. MORONEY has required Plaintiffs to keep shirt collars all buttoned and neck ties tied while allowing white officers to forego neck ties and buttons to mid chest.

95.  All plaintiffs and a number of the other Hispanic officers in the 52nd Precinct requested Form 57 transfers (a transfer out to anywhere) due to the severe hostile work environment.  To date there has been no action taken regarding this request.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT
## TO 42 U.S.C. §1981 AGAINST ALL DEFENDANTS

96. The Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "95" with the same force and effect as if fully set forth herein.

97. Throughout the events recited herein, the individual Defendants, while acting under the color of law, subjected the Plaintiffs to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, and Civil Rights as guaranteed under Article I, Section II, of the New York State Constitution.

98. Plaintiffs have been deprived of their Constitutional Rights to be free of discrimination based upon race, and been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions.

99. The actions of Defendants, in depriving Plaintiffs, of their Constitutional and Civil Rights, as hereinbefore stated, were willful and malicious acts.

100. In addition to Plaintiffs, Defendants have similarly violated the rights of other officers, all as part of a deliberate policy and a deliberate course of conduct.

101. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the Plaintiffs have been damaged

in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

102. Based on the foregoing, Plaintiffs are entitled to punitive and exemplary damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

103. The Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "102" with the same force and effect as if fully set forth herein.

104. Throughout the events recited herein, the individual Defendants, while acting under the color of law, subjected the Plaintiffs to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, and Civil Rights as guaranteed under Article I, Section II, of the New York State Constitution.

105. Plaintiffs have been deprived of their Constitutional Rights to be free of discrimination based upon their race, national origin and opposition to discrimination, and have been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions.

106. The actions of Defendants, in depriving Plaintiffs of their constitutional and civil rights, as hereinbefore stated, were willful and malicious acts.

107. In addition to Plaintiffs, Defendants have similarly

violated the rights of other officers, all as part of a deliberate policy and practice and a deliberate course of conduct.

108. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the Plaintiffs have been damaged in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

109. Based on the foregoing, Plaintiffs are entitled to punitive and exemplary damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1985 AGAINST ALL DEFENDANTS

110. The Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "109" with the same force and effect as if fully set forth herein.

111. Defendants have conspired with and amongst each other to deprive Plaintiffs, as well as other officers, of their rights under the United States Constitution and federal and state law.

112. Defendants KELLY, KENNEDY, MORONEY AND ROONEY, have conspired to violate the Plaintiffs' civil rights pursuant to 42 U.S.C. §1985 when they agreed together to implement, direct and/or participate in a program to deny Plaintiffs, and other minority officers similarly situated, promotions to Detective Second and First Grade solely because of their race, national origin and opposition to discrimination.

113. The operation of the NYPD Detective's promotions results in white males receiving more detective promotions and

preferable assignments within the NYPD than minority officers, and those in similar circumstances as Plaintiffs, including Hispanics, Blacks and those who have expressed opposition to the Defendants' discriminatory practices.

114. Further, minorities in general, and Plaintiffs specifically, received more scrutiny and harsher evaluations than non-minority officers in similar Detective assignments.

115. Despite receiving above-standards evaluations when under greater scrutiny in their evaluations than non-minority detectives, Plaintiffs were not promoted above Detective Third Grade.

116. Such policy and practice is an intentional and concerted effort by the Defendants and NYPD supervisors to disparage minority officers in general, and specifically the Plaintiffs herein.

117. By reason of this conspiracy, each of the Defendants has violated 42 U.S.C. §1985.

118. The actions and omissions of the Defendants, in depriving Plaintiffs of their Constitutional and Civil Rights, by their participation and operation of the NYPD Detective promotion, as herein stated, were willful and malicious acts.

119. As a result of the foregoing, Plaintiffs have been segregated on account of their race, national origin and opposition to discrimination.

120. Because of the foregoing, Plaintiffs have been damaged in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

121. Based on the foregoing, Plaintiffs are entitled to punitive and exemplary damages in the sum of FIVE MILLION

($5,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR AN INJUNCTION

122.  Paragraphs "1" through "121" are hereby incorporated by reference as though fully set forth here.

123. Defendants have embarked on a course of conduct that deprives the Plaintiffs and other minority police officers of their rights under the United States Constitution, federal and state laws, in violation of 42 U.S.C. §§1981, 1983, Title VII of the Civil Rights Act of 1964, New York State Human Rights & Executive Law and New York City Human Rights Law.

124. The facts and circumstances cited above with reference to the Constitutional and other civil rights violations suffered by Plaintiffs and other minority police officers is an example of Defendants' conduct violative of Plaintiffs' civil rights.

125. The actions of Defendants, acting under color of state and local law, custom and usage, have deprived and will deprive Plaintiffs and other minority police officers in the future, of their rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of their right to be free of employment practices that are based solely upon race and national origin.

126. Defendants' acts and omissions deprived the Plaintiffs of their Federal Constitutional protection and have caused and will cause the Plaintiffs to suffer damages in violation of 42 U.S.C. §1981

and 42 U.S.C. §1983.

127. By virtue thereof Plaintiffs are entitled to a permanent injunction with the NYPD, together with compensatory and punitive damages, and prohibiting the Defendants from continuing to violate other officer's civil rights as hereinbefore stated.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
NYPD AND CITY OF NEW YORK UNDER THE NEW
YORK CITY ADMINISTRATIVE CODE §8-107(1) ET.SEQ.
AND THE NEW YORK CITY HUMAN RIGHTS LAW
FOR RACE AND NATIONAL ORIGIN DISCRIMINATION**

128. The Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "127" with the same force and effect as if fully set forth herein.

129. The Defendants' treatment of Plaintiffs and their complaints based upon race, national origin and opposition to discrimination, constitutes discrimination in violation of the New York Administrative Code §8-107(1) et.seq. and the New York City Human Rights Law.

130. The aforementioned occurrences were caused by the wrongful, careless, reckless and intentional acts of the Defendants.

131. Because of the foregoing, Plaintiffs have been damaged in the amount of TEN MILLION ($10,000,000.00) DOLLARS.  Additionally, Plaintiff seeks FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

## AS AND FOR AN SIXTH CAUSE OF ACTION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT AS AMENDED (RACE AND NATIONAL ORIGIN DISCRIMINATION)

132. The Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "131" with the same force and effect as if fully set forth herein.

133. Based upon the above, the Plaintiffs were discriminated against by Defendants by being forced to endure continued and repeated discrimination because of their race, national origin and opposition to discrimination.

134. The Defendants, by and through the conduct of KELLY, KENNEDY, MORONEY AND ROONEY, as well as other unnamed individuals, intentionally and willfully harassed Plaintiffs on account of their race, national origin and opposition to discrimination, thereby violating Title VII of the Civil Rights Act of 1964 as amended.

135. As a result of the Defendants' conduct, the Plaintiffs have suffered economic loss, pain, humiliation, extreme emotional distress and continue to suffer to this day, and further, as a result of the Defendants' conduct, the Plaintiffs have suffered both professionally and personally.

136. As a result of the foregoing, the Plaintiffs have been damaged in the amount of TEN MILLION ($10,000,000.00) DOLLARS. Additionally, the Plaintiffs seek FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages from each of the Defendants.

## AS AND FOR A SEVENTH CAUSE OF ACTION PURSUANT TO
## NEW YORK STATE EXECUTIVE LAW §296 AGAINST ALL DEFENDANTS

137. The Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "136" with the same force and effect as if fully set forth herein.

138. Based on the foregoing, the Defendants intentionally and willfully discriminated against the Plaintiffs in their employment on account of their race, national origin opposition to discriminatory practices, in violation of New York State Executive Law §296.

139. Plaintiffs were continuously victimized by the Defendants' failure to promote the Plaintiffs, but rather promote non-minority officers with less seniority and experience.

140. Even though Defendants were aware of Plaintiffs' seniority and better qualifications, no actions taken by them were effective in correcting the discrimination suffered by Plaintiffs.

141. Such conduct on the part of the Defendants and all others, without cause or justification, violated the Plaintiffs' Civil Rights guaranteed under the New York State Constitution and the New York State Executive Law §296.

142. As a result of the Defendants' actions and of the deprivations of Plaintiffs' rights as guaranteed under New York State Executive Law §296, the Plaintiffs have suffered economic loss, pain, humiliation and extreme emotional distress.

143. As a result of the wrongful, careless, reckless and intentional acts of the Defendants, the Plaintiffs have been damaged in the amount of TEN MILLION ($10,000,000.00) DOLLARS. Additionally,

Plaintiffs seek FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### PURSUANT TO THE NEW YORK
### CITY ADMINISTRATIVE CODE §8-107(1) ET.SEQ.

144. The Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "143" with the same force and effect as if fully set forth herein.

145. The Defendants' failure to promote the Plaintiffs based upon their race and national origin, as well as in retaliation for their membership in the LOA and their opposition to discrimination, constitutes discrimination in violation of the New York Administrative Code §8-107(1) et.seq. and the New York City Human Rights Law.

146. The aforementioned occurrences were caused by the wrongful, careless, reckless and intentional acts of the Defendants.

147. Because of the foregoing, Plaintiffs have been damaged in the amount of TEN MILLION ($10,000,000.00) DOLLARS. Additionally, Plaintiffs seek FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that this Honorable Court grant the following relief:

1. Declaring the aforementioned actions of the Defendants unconstitutional and in violation of the New York State Constitution,

the United States Constitution, applicable statutes, and the New York State Executive Law §296;

      2.   Declaring the aforementioned discriminatory actions of the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and RAYMOND KELLY, COMMISSIONER, DEPUTY CHIEF STEPHEN R. KENNEDY, LT. KEVIN MORONEY AND DEPUTY INSPECTOR RAYMOND ROONEY, in their individual and official capacities, in violation of New York State Executive Law §296;

      3.   Granting each Plaintiff money damages in the amount of no less than TEN MILLION ($10,000,000.00) DOLLARS in compensatory damages or in an amount to be proven at trial;

      4.   Granting each Plaintiff FIVE MILLION ($5,000.000.00) DOLLARS in punitive damages;

      5.   Granting each Plaintiff permanent injunctive relief;

      6.   Compelling the Defendants, NYC and NYPD, to establish firm and objective criteria for the promotion of Detectives with the NYPD;

      7.   Granting Plaintiffs all costs of this action including reasonable attorneys' fees incurred by Plaintiffs; and

      8.   Granting the Plaintiffs such other and further relief as may be just.

## JURY TRIAL

The Plaintiffs, ROLAND GUTIERREZ, FRANKIE ROSADO, RENE CANELA and DAVID FLORES, and request a jury trial on all questions of fact raised by the Complaint.

Dated:     Lake Success, New York
           July 17, 2008


                         CRONIN & BYCZEK, LLP


                         _____
                         Linda M. Cronin (LC0766)
                         1983 Marcus Avenue, Suite C-120
                         Lake Success, New York 11042
                         (516) 358-1700

**VERIFICATION**

The undersigned, ROLAND GUTIERREZ, duly affirms: that the undersigned is the PLAINTIFF in the within action; and that the undersigned has read the foregoing Verified Complaint  and knows the contents thereof; that the same is true to his own knowledge, except as to matters therein stated upon information and belief, and that as to those matters, he believes them to be true.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:   July 17, 2008
         Lake Success, New York

                                        ROLAND   GUTTIERREZ

Sworn to before me on
July 17, 2008

Notary Public

**LINDA M. CRONIN**
Notary Public, State of New York
No. 02CR5013389
Qualified in Nassau County
Commission Expires 08/22/2011

## VERIFICATION

The undersigned, FRANKIE ROSADO, duly affirms: that the undersigned is the PLAINTIFF in the within action; and that the undersigned has read the foregoing Verified Complaint  and knows the contents thereof; that the same is true to his own knowledge, except as to matters therein stated upon information and belief, and that as to those matters, he believes them to be true.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:   July 17, 2008
         Lake Success, New York

                                                      _____
                                                      FRANKIE         ROSADO

Sworn to before me on
July 17, 2008

_____
         Notary Public

         **LINDA M. CRONIN**
    Notary Public, State of New York
         No. 02CR5013389
      Qualified in Nassau County
    Commission Expires 08/22/2011

## VERIFICATION

The undersigned, RENE CANELA, duly affirms: that the undersigned is the PLAINTIFF in the within action; and that the undersigned has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to his own knowledge, except as to matters therein stated upon information and belief, and that as to those matters, he believes them to be true.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:   July 17, 2008
         Lake Success, New York

_____
RENE            CANELA

Sworn to before me on
July 17, 2008

_____
Notary Public
**LINDA M. CRONIN**
**Notary Public, State of New York**
**No. 02CR5013389**
**Qualified in Nassau County**
**Commission Expires 08/22/ 2011**

## VERIFICATION

The undersigned, DAVID FLORES, duly affirms: that the undersigned is the PLAINTIFF in the within action; and that the undersigned has read the foregoing Verified Complaint  and knows the contents thereof; that the same is true to his own knowledge, except as to matters therein stated upon information and belief, and that as to those matters, he believes them to be true.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:   July 17, 2008
         Lake Success, New York

                                          DAVID          FLORES

Sworn to before me on
July 17, 2008

Notary Public

**LINDA M. CRONIN**
Notary Public, State of New York
No. 02CR5013389
Qualified in Nassau County
Commission Expires 08/22/2011

**STATE OF NEW YORK, COUNTY OF**                                                                ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and

☐ certify that the annexed

*Attorney's Certification*

has been compared by me with the original and found to be a true and complete copy thereof.

☐ say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

*Attorney's Verification by Affirmation*

. I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

The reason I make this affirmation instead of                                        is

I affirm that the foregoing statements are true under penalties of perjury.

Dated:

.....................................................................
(Print signer's name below signature)

**STATE OF NEW YORK, COUNTY OF**                                                       ss:

                                                   being sworn says: I am

☐ in the action herein; I have read the annexed

*Individual Verification*

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐ the                                        of

*Corporate Verification*

a corporation, one of the parties to the action; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                                        , 20

.....................................................................
(Print signer's name below signature)

**STATE OF NEW YORK, COUNTY OF**                                                  ss:

                                             being sworn says: I am not a party to the action, am over 18 years of age and reside at

On                                 , 20         , I served a true copy of the annexed

                                                   in the following manner:

☐ by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service

*Service By Mail*

within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ by delivering the same personally to the persons and at the addresses indicated below:

*Personal Service*

Sworn to before me on                                        , 20

.....................................................................
(Print signer's name below signature)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROLAND GUTIERREZ, FRANKIE ROSADO,
RENE CANELA and DAVID FLORES,

Plaintiffs,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT
and RAYMOND KELLY, COMMISSIONER, DEPUTY CHIEF STEPHEN R.
KENNEDY, LT. KEVIN MORONEY and DEPUTY INSPECTOR RAYMOND ROONEY,

Defendants.

SUMMONS and COMPLAINT

**CRONIN & BYCZEK, LLP.**
1983 Marcus Ave., Suite C-120
Lake Success, NY 11042
(516) 358-1700
(516) 358-1730 - Fax

*To:*

*Attorney(s) for*

*Service of a copy of the within*                                         *is hereby admitted.*

*Dated:*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐    *that the within is a (certified) true copy of a*
NOTICE OF    *entered in the office of the clerk of the within named Court on*                    *20*
ENTRY

☐    *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF                    *one of the judges of the within named Court,*
SETTLEMENT  *at*
*on*                    *20*        *, at*                    *M.*

*Dated:*

CRONIN & BYCZEK, LLP.
1983 Marcus Ave., Suite C-120
Lake Success, NY 11042
(516) 358-1700
(516) 358-1730 - Fax

*To:*

*Attorney(s) for*

N912 CL