UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROLAND GUTIERREZ, et al.,

           Plaintiffs,

     v.

CITY OF NEW YORK, et al.,

           Defendants.

08 Civ. 6537 (LBS)

MEMORANDUM & ORDER

SAND, J.

    Plaintiffs have not moved in limine. Defendants' motion in limine is resolved as follows.

1.   Plaintiffs' Proposed Exhibit 2

    Defendants ask that this Court exclude Plaintiffs' proposed Exhibit 2, the "Detective Only Grid." This exhibit illustrates the racial breakdown of detectives and their ranks throughout the New York Police Department (NYPD)'s Detective Bureau. Given that this Court dismissed Plaintiffs' failure to promote claim, see Gutierrez, et al. v. City of New York, et al., 756 F. Supp. 2d 491, 502-505 (S.D.N.Y. 2010), Defendants argue that evidence bespeaking the percentage of Hispanic detectives in the NYPD and their ranks is irrelevant to Plaintiffs' other claims of employment discrimination. Defs.' Mem. Supp. Mot. in Limine ("Defs.' Mem.") 3. In essence, Defendants accuse Plaintiffs of "reviv[ing] the entire claim for denial of promotion in the guise of a hostile work environment [claim]." Defs.' Rep. Mem. Supp. Mot. in Limine ("Defs.' Rep.") 5.

-1-

We agree with Defendants that, in light of this Court's dismissal of Plaintiffs' failure to promote claims, Exhibit 2 is likely to confuse the issues and could well mislead the jury. See Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of...confusion of the issues, or misleading the jury ...."). The introduction of Exhibit 2, we believe, would undermine the Court's careful narrowing of Plaintiffs' claims. By highlighting the relative paucity of Hispanic detectives, Exhibit 2 strongly suggests that Defendants are on trial for illegally discriminating against Hispanics in hiring and promotion, which they are not.

Plaintiffs' response, general as it is, is unavailing. Plaintiffs argue that the statistics in Exhibit 2 "impact directly on Plaintiffs' claim of disparate treatment based upon race in the assignment of investigative/arrest overtime." Pls.' Mem. Opp'n Defs.' Mot. in Limine ("Pls.' Opp'n") 2. Perhaps that is true, but Plaintiffs do not say how. Perhaps there's a causal link between the denial of investigative overtime and the percentage of Hispanic detectives within the NYPD's Detective Bureau. We do not know since we were not told.

"While ordinarily it may be the more prudent course...to admit into evidence doubtfully admissible records, and testimony based on them," Van Alen v. Dominick & Dominick, Inc., 560 F.2d 547, 552 (2d Cir. 1977), we are convinced that the prejudice of

-2-

admitting Exhibit 2 substantially outweighs the probative value.
Defendants' motion is granted.

2.   Lieutenant Moroney's Alleged Transfer of Minority Employees

The parties disagree as as to whether Lt. Moroney had the
power to directly or indirectly influence the transfer of
minority subordinates from his command to other assignments.
Compare Defs.' Mem. 3 ("[I]t is undisputed that Lieutenant
Moroney has no authority to transfer employees") with Pls.' Opp'n
2 ("It is undisputed that Lieutenant Moroney had the authority to
facilitate transfers of subordinates from his command to other
assignments."). Given that we are faced with an acute factual
dispute, Defendants' motion to exclude any reference to this
issue is denied.

3.   Latino Officers' Association Case

Defendants move this Court to bar any and all references to
the Latino Officers' Association case ("LOA litigation"). In
this case, Latino and African-American NYPD officers sued the
NYPD alleging hostile work environment, disparate disciplinary
treatment, and retaliation. Latino Officers Ass'n v. City of New
York, 519 F. Supp. 2d 438, 440 (S.D.N.Y. 2007). The Court
certified a class in 2002; the parties settled in 2004. Id. The
negotiated settlement required the NYPD to institute numerous
measures to monitor and remedy racial discrimination within the
force. Id. at 440-441. In 2006, the plaintiffs moved for a
contempt order, alleging that the NYPD had not held up its side

-3-

of the bargain.  Id. at 440.  The district court denied their
contempt order, but did so not because they had failed to show
that the NYPD continued to engage in racial discrimination but
because the NYPD "did not warrant that racial discrimination
never again would occur."  Id. at 447.  The district court's
decision was upheld on appeal, but the Second Circuit was careful
to note that while the plaintiffs were barred from moving for
contempt, they could "seek[] redress for their underlying claims
through other means [such as] the federal and state laws that
served as the basis for the underlying class action."  Latino
Officers Ass'n City of N.Y., Inc. v. City of New York, 558 F.3d
159, 165 (2d Cir. 2009).

          Defendants now argue that, since none of the Plaintiffs in
this case were involved in the LOA litigation, all references to
the LOA litigation be excluded as irrelevant.  Defendants also
argue that, even if relevant, the LOA litigation is substantially
more prejudicial than probative and constitutes inadmissible
hearsay.

          "To the extent that defendants seek only to preclude the
introduction of pleadings and court filings in other lawsuits,
their motion to preclude is granted.  If offered to prove the
fact of racial discrimination at [the NYPD], such pleadings are
inadmissible hearsay."  Richmond v. General Nutrition Ctrs.,
Inc., No. 08 Civ. 3577, 2012 U.S. Dist. LEXIS 32070, at *30
(S.D.N.Y. Mar. 9, 2012).  See also Gaffney v. Dep't of Info.

Tech., 579 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (barring motions
for summary judgment and exhibits from previous case).  However,
Defendants' motion to suppress all testimony referencing the LOA
litigation is denied insofar as "plaintiffs may propose to call
complainants in other lawsuits to testify about prior acts of
racial discrimination."  Richmond, 2012 U.S. Dist. LEXIS 32070,
at *31.  See also Zublake v. UBS Warburg LLC, 382 F. Supp. 2d
536, 522 (S.D.N.Y. 2005) (holding that "evidence of a defendant's
prior discriminatory treatment of a plaintiff or other employees
is relevant and admissible under the Federal Rules of Evidence to
establish whether a defendant's employment action against an
employee was motivated by invidious discrimination.").

   Defendants' motion is granted with respect to motions and
exhibits from the LOA litigation and denied with respect to
testimonial references thereto.  This Court will consider
Defendants' requests for appropriate limiting instructions.

   For the reasons stated above, it is hereby ORDERED that
Defendants' motion in limine to exclude Plaintiffs' Proposed
Exhibit 2 and to exclude motions and exhibits from the LOA
litigation is GRANTED.  It is DENIED in all other respects.

SO ORDERED.

June 20, 2012
New York, N.Y.

                                    _____
                                         U.S.D.J.